IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                                    : CASE NO.  1:09 CV 1052
   ANNETTE PRICE,                               :
                                                    :
                                               Plaintiff, : <u>MEMORANDUM OF OPINION AND</u>
                                                    : <u>ORDER GRANTING PLAINTIFF'S</u>
                             -vs-                    : <u>MOTION FOR LEAVE TO FILE THIRD</u>
                                                    : <u>AMENDED COMPLAINT</u>
                                                    :
   WARRENSVILLE HEIGHTS CITY      :
   SCHOOLS BOARD OF EDUCATION,   :
   *et al*,

                                                 Defendants.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Before the Court is plaintiff Annette Price's "Unopposed Motion for Leave of Court to File Third Amended Complaint Instanter," brought through her attorney Jeffrey M. Yelsky.  (Docket No. 16).  The proposed Third Amended Complaint would add an additional cause of action, namely, a First Amendment Freedom of Association claim, under 42 U.S.C. § 1983.  (Docket 16-1 at 9-10).  Also alleged are additional facts apparently related to state and federal retaliation and discrimination claims previously pled in this case.  (Docket No. 16-1 at 7-8).  Plaintiff's counsel also attempted to clarify a previously pled state discrimination claim under O.R.C. § 4112.02 by stating that it relates specifically to "sex and/or sexual orientation."  (Docket No. 16-1 at 12).

     The defendants filed an opposition to plaintiff's motion and argued that leave should be denied because the plaintiff's proposed Freedom of Association claim is

legally insufficient, and that it would not survive a motion to dismiss.  (Docket No. 20).  Plaintiff's counsel subsequently filed a reply, in which he withdrew the Freedom of Association claim.  (Docket No. 22 at 2).   He also tinkered with Ms. Price's state discrimination claim under O.R.C. § 4112.02 and stated that it "now relates to religion and sex only," apparently withdrawing claims related to "sex and/or sex discrimination."  (Docket No. 22 at 2).  Plaintiff's counsel then argued that leave should still be granted because the defendants are unable to demonstrate that they will be prejudiced by what remains of the proposed Third Amended Complaint.  (Docket No. 22 at 2-3).

**I. Law and Argument**

After a responsive pleading has been filed, a party may amend his complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  This decision is committed to the sound discretion of the trial court.  Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir.1983).  Several elements may be considered in determining whether to permit an amendment.  Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.  Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir.1989) (quoting Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir.1973)).  Delay by itself is not sufficient reason to deny a motion to amend.  Id.

However, a party must act with due diligence if it intends to take advantage of the Rule's liberality.  United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1202 (6th Cir. 1995).

Although the defendants cite valid reasons for the Court to deny the plaintiff's motion,[1] the Court will grant it, as the critical factors of substantial prejudice and lack of notice are absent.  Because it is still relatively early in the discovery process, the defendants will have adequate time to prepare a defense against the complaint in its amended form.  Plaintiff's counsel has himself withdrawn the most questionable component of the Third Amended Complaint, and what remains involves only those causes of action of which the defendants were already apprised.  If nothing else, counsel's clarification that Ms. Price's claim under O.R.C. § 4112.02 relates to "religion and sex" may permit the defendants to more effectively prepare a defense against the allegation.

Plaintiff's Count II of the Third Amended Complaint alleging violation of the First Amendment is hereby declared moot, pursuant to plaintiff's Reply Brief.  (See Docket No. 22 at 2).  Plaintiff's Count V of the Third Amended Complaint alleging violation of O.R.C. § 4112.02 is hereby declared "relate[d] to religion and sex only" and not "sex and/or sexual orientation," also pursuant to plaintiff's Reply Brief.  (See Docket No. 22 at

---

[1] The defendants point out that plaintiff's counsel failed to submit the motion by the date set in the Court's scheduling order, and that he only now includes facts which were apparently known at the time the Second Amended Complaint was filed.  In addition, plaintiff's counsel's assertion of an unsupported cause of action and his subsequent decision to withdraw it show a lack of due diligence that has caused unnecessary delay.  Lastly, because plaintiff's counsel withdrew the Freedom of Association claim, the difference between the proposed Third Amended Complaint and the Second Amended Complaint is slight, though not necessarily immaterial.

2).  Plaintiff's Third Amended Complaint is to be read strictly in a manner consistent with this order.

**II. Conclusion**

For the foregoing reasons, the Court GRANTS plaintiff's "Unopposed Motion for Leave of Court to File Third Amended Complaint Instanter," subject to the above noted conditions.

IT IS SO ORDERED.

                                           /s/ Lesley Wells
                                           UNITED STATES DISTRICT JUDGE

Date: 26 October 2009